IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 7:19-CR-00005 |
| v. ) | |
| ) | |
| DANIEL JAMES MYERS, ) | By:   Michael F. Urbanski |
| Defendant. ) | Chief United States District Judge |

## MEMORANDUM OPINION

This matter comes before the court on defendant Daniel James Myers's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 299. The Federal Public Defender has supplemented Myers's pro se request. ECF Nos. 312, 318. The government opposes it. ECF No. 329. For the reasons stated herein, the court will **DENY** Myers's motions.

I.

On July 26, 2019, Myers entered into a written plea agreement in which he pleaded guilty to one count of conspiring to distribute 500 grams or more of a mixture containing methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). ECF No. 157. On January 13, 2020, Myers was sentenced to 90 months of incarceration. ECF No. 253. Myers has been in continuous custody since January 16, 2019, ECF No. 231 at 2, and has served less than half of his sentence. See ECF No. 318-2 at 1. Myers was housed at FCI Butner when he filed his motion, but is now housed at USP Yazoo City and is scheduled to be released on July 28, 2025.[1]

---

[1] Fed. Bureau of Prisons, Find an inmate., https://www.bop.gov/inmateloc/ (last visited Feb. 5, 2021) (search "Daniel James Myers"); see also ECF No. 329-2.

1

Myers seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that the COVID-19 pandemic constitutes an "extraordinary and compelling" reason warranting a sentence reduction. Myers is obese and suffers from hypertension. See ECF No. 318-1 at 1, 15. Myers previously tested positive for COVID-19 in June 2020. ECF No. 318-1 at 6. Myers seeks immediate release. ECF No. 318 at 8. The government opposes any sentence reduction for Myers. ECF No. 329. This matter is fully briefed and ripe for disposition.[2]

## II.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act ("FSA"), authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Myers's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons

---

[2] The court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors and whether Myers is a danger to the safety of the community.

    i.     Myers has fully exhausted his administrative remedies.

The provision allowing defendants, in addition to the Bureau of Prisons ("BOP"), to bring motions under § 3582(c) was added by the FSA to "increas[e] the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5239 (2018). Before bringing a motion before the district court, a petitioner must first exhaust his administrative remedies. See 18 U.S.C. § 3582(c)(1)(A). A petitioner must satisfy one of two conditions, whichever is earlier: (i) "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or (ii) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" Id.; see also United States v. McCoy, 981 F.3d 271, 283 (4th Cir. 2020). The first condition requires that the defendant fully exhaust all administrative rights. This means that it is not enough for the warden to respond within 30 days by denying the request for compassionate release. If the warden denies the request within 30 days, the petitioner must then exhaust all administrative appeals available through the BOP. The second condition can only be met after the lapse of 30 days from when the warden received the petitioner's request and has not responded. Though the exhaustion requirement is a mandatory claim-processing rule, the government may waive or forfeit its satisfaction. See United States v. Alam, 960 F.3d 831, 834 (6th Cir. 2020); see also United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Here, Myers requested compassionate release from the warden of FCI Butner on June 26, 2020. ECF No. 318-1 at 107. On June 27, 2020, the warden notified Myers that his request had been denied. Id. at 105. Myers appealed the warden's denial on July 9, 2020. ECF No. 329-1 at 5. On July 23, 2020, the warden notified Myers that his appeal had been denied. Id. at 9. Myers then filed a motion for compassionate release on July 20, 2020. ECF No. 299. The government does not contest that Myers has exhausted his administrative remedies. ECF No. 329 at 9. Accordingly, this court finds that Myers has satisfied the statute's exhaustion requirement.

  ii. <u>Myers presents extraordinary and compelling circumstances.</u>

The court must next consider if it should "reduce the term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). The U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 application notes state that "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) as determined by the Director of the BOP, for "other reasons" than, or in combination with, those described in Application Notes (A)-(C). Id. at cmt. n. 1(A)-(D).

"In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." <u>United States v. Harper</u>, No. 7:18-cr-25, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28,

4

2020) (citing, e.g., United States v. Feiling, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020)). To evaluate an inmate's particularized susceptibility, "the Court examines the Center[s] for Disease Control and Prevention's[, or CDC's,] list of risk factors for severe COVID-19 complications." Wilson v. United States, No. 2:11-cr-180, 2020 WL 3315995, at *3 (E.D. Va. June 18, 2020). The CDC's guidance identifies underlying conditions that place individuals at a higher risk of severe outcomes from COVID-19.[3] It "distinguishes between those conditions where available data is strong enough and consistent enough to indicate that individuals with the condition 'are at increased risk' (e.g., obesity), and those where current data is limited or mixed, and thus sufficient only to indicate that an individual with the condition 'might be at an increased risk' (e.g., type 1 diabetes)." United States v. Barnes, No. CCB-12-405, 2020 WL 6450283, at *2 (D. Md. Nov. 3, 2020).

Here, Myers is obese, which places him at an "increased risk of severe illness from" COVID-19.[4] Myers also suffers from hypertension, which the CDC recognizes "might" put him at an "increased risk for severe illness" should he contract the virus.[5] Myers has already contracted COVID-19 once and, thankfully, has no documented side effects. ECF No. 318-1 at 6. Myers's recovery is encouraging and "[c]ases of reinfection with COVID-19 have been reported, but remain rare."[6] The government, however, acknowledges that "during the COVID-19 pandemic, the defendant's chronic medical condition, specifically his obesity" is

---

[3] Centers for Disease Control and Prevention, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Feb. 3, 2021).
[4] Id.
[5] Id.
[6] Centers for Disease Control and Prevention, Reinfection with COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (updated Oct. 27, 2020).

"extraordinary and compelling" reason to reduce his sentence. ECF No. 329 at 10–11; see also United States v. Kelley, No. 7:16-cr-00022, 2020 WL 6414849, at *2 (W.D. Va. Nov. 2, 2020) (finding obesity, in conjunction with the ongoing presence of active cases at the federal facility, sufficient to constitute "extraordinary and compelling" reasons for compassionate release). Accordingly, the court finds that Myers has a particularized susceptibility to severe illness from COVID-19 given his obesity and hypertension, supporting a reduction in his sentence.

The court also finds that Myers faces a particularized risk of contracting the virus at his facility. At the time Myers filed his motion for compassionate release with the court, he was housed at FCI Butner. See ECF No. 299 at 4. Myers was subsequently moved to USP Yazoo City. ECF No. 329-2. Currently, USP Yazoo City has confirmed active COVID-19 cases for 117 inmates and seven staff members.[7] The court finds that Myers has a particularized risk of contracting COVID-19 at his facility, supporting a reduction in his sentence.

iii. Myers is not a danger to the safety of the community, but a sentence reduction is inappropriate after considering the § 3553(a) factors.

Having found that extraordinary and compelling reasons exist to warrant a reduction in Myers's sentence, the court must consider if Myers is a danger to the safety of another person or the community as a whole, and if a sentence reduction is consistent with the applicable § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13(2); see also Turner v. United States, No. 2:18-cr-128, 2020 WL 4370124, at *3 (E.D. Va. July 30, 2020) ("[T]he court is advised against grants of compassionate release when the petitioner is a danger to the safety of any person or to the community."). Pursuant to § 1B1.13(2), the court must consider

---

[7] Fed. Bureau of Prisons, COVID-19, https://www.bop.gov/coronavirus/ (last visited Feb. 5, 2021) (find "FCC Yazoo City" on interactive map).

6

the 18 U.S.C. § 3142(g) factors in determining whether Myers is a danger to the safety of any other person or to the community. The relevant factors include "the nature and circumstances of the offense charged"; "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, . . . community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history"; and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." United States v. Ramirez, No. 7:16-cr-55, 2020 WL 5637402, at *3 (W.D. Va. Sept. 21, 2020) (quoting United States v. Rodriguez, 451 F. Supp. 3d 392, 406 (E.D. Pa. 2020)).

Here, Myers is incarcerated because of his part in a conspiracy to distribute methamphetamine. See ECF No. 231 at 2. Myers has a substantial criminal history, including prior drug convictions involving marijuana and methamphetamine. Id. at 26–28. However, the conduct underlying Myers's instant conviction was nonviolent and his disciplinary record in prison is completely clean. ECF No. 318-3. Myers's PSR details a worrisome combination of drugs and firearms, but no firearms were connected directly to Myers. ECF No. 231 at 17, 21–22. Accordingly, the court finds that Myers is not a danger to the community.

The court must also consider if a sentence reduction is consistent with the applicable § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A). Those factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional

treatment in the most effective manner. See 18 U.S.C. § 3553(a). Here, the § 3553(a) factors weigh in favor of continued incarceration.

As discussed above, Myers pleaded guilty to his involvement in conspiring to distribute 500 grams or more of a mixture containing methamphetamine. The government argues that the § 3553(a) weigh against release because Myers has had "a significant number of contacts with the criminal justice system, including . . . two other state convictions for possession of methamphetamine and marijuana." ECF No. 329 at 12. The guideline imprisonment range for Myers's instant offense was 151 months to 188 months. ECF No. 231 at 32. Instead, the court imposed a below-guidelines sentence of 90 months. ECF No. 253. Myers has served less than half of that sentence. ECF No. 318-2 at 1. The court must consider the need to afford specific and general deterrence, as punishment is necessary to deter both Meyers's and other individuals' future involvement in drug-related crimes. Moreover, the court does not believe that the sentence imposed will prevent Myers from receiving the medical care he might need to manage COVID-19, should he become one of the rare reinfection cases, given his successful recovery from his prior infection. For these reasons, the court finds that the § 3553(a) factors weigh in favor of continued incarceration.

### III.

For these reasons, the court will **DENY** Myers's motions for compassionate release, ECF Nos. 299, 312, 318. The clerk is directed to send a copy of this memorandum opinion and accompanying order to the petitioner, his counsel of record, and the United States. An appropriate order will be entered.

It is so **ORDERED**.

Entered: February 18, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.02.18 16:51:10
-05'00'

Michael F. Urbanski
Chief United States District Judge

9